MUTUAL ASSURANCE SOCIETY OF VIRGINIA CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mutual Assurance Soc. of Virginia Corp. v. Commissioner
Docket No. 3337-72.
United States Tax Court
T.C. Memo 1973-177; 1973 Tax Ct. Memo LEXIS 111; 32 T.C.M. (CCH) 839; T.C.M. (RIA) 73177; August 8, 1973, Filed *111 Frank W. Hardy, for the petitioner. J. Doyle Tumbleson, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined a deficiency in petitioner's income tax for the taxable year 1968 in the amount of $5,535.51. This proceeding was submitted under Rule 30 of the Court's Rules of Practice. The sole question for decision is whether 2 any part of a net operating loss of $83,059.04 sustained by the petitioner for the taxable year 1969 can be carried back to the taxable year 1968. This depends, in turn, upon whether such loss was fully absorbed in the taxable year 1967. All of the facts have been stipulated by the parties. The stipulated facts and exhibits attached thereto are incorporated herein by this reference and are adopted as our findings of fact. A summary of the pertinent facts is set forth below. The petitioner was chartered on December 22, 1794, by a special act of the General Assembly of Virginia, and has its principal office in Richmond, Virginia.The petitioner is authorized by its charter, as amended, to issue fire insurance and other types of miscellaneous property insurance. Petitioner filed its corporate income tax *112 returns for the taxable years 1966 through 1968 with the district director of internal 3 revenue, Richmond, Virginia, and filed its 1969 return with the Internal Revenue Service Center, Philadelphia, Pennsylvania. On its 1969 return, petitioner reported a net operating loss of $94,008.15. Petitioner filed a Corporation Application for Tentative Refund from Carryback of Net Operating Loss and Unused Investment Credit (Form 1139) on July 1, 1970, and sought thereby to carry the 1969 loss back to reduce the tax liability of prior years. Under section 172(b) (1) (A) (i), [1] the earliest taxable year to which the 1969 loss could be carried was 1966. Since 1966 was a loss year, however, the loss was carried to 1967. On September 25, 1970, petitioner was allowed tentative net operating loss deductions of $72,575.10 and $21,433.05 for 1967 and 1968, respectively. These adjustments resulted in tentative overassessments which were refunded to petitioner. 4 On October 20, 1971, the parties agreed to additional adjustments which reduced the amount of the 1969 net operating loss from $94,008.15 *113 to $83,059.04. Using the corrected amount of the 1969 loss, the computation of petitioner's 1967 tax liability under the "regular" and "alternative" methods became as follows: Regular Method (Sec. 11)
Taxable income as adjusted
$281,828.70
Less: net operating loss deduction resulting from carryback
83,059.04
Recomputed taxable income
$198,769.66
Tax on recomputed taxable income (1967 rates) $88,909.44
Alternative Method (Sec. 1201(a))
Recomputed taxable income
$198,769.66
Less: excess of net longterm capital gain over net short-term capital loss
209,253.60
Balance
-0-
Partial tax on balance
-0-
Plus: 25% of excess of net long-term capital gain over net short-term capital loss
$52,313.40
$52,313.40 5 Since the computation of the tax liability under the "alternative" method was unchanged, and since the tax produced by that method remained less than the tax under the "regular" method, petitioner's income tax liability for 1967 remained unchanged by the adjustments of October 20, 1971. A reduction of the tentative net operating loss deduction for 1968, however, was agreed to. The deduction allowed for 1968 was reduced to $10,483.94, resulting in a deficiency of $5,736.14, which petitioner paid. Upon *114 further audit, respondent determined that the net operating loss carryover deduction tentatively allowed for 1968 was not allowable. Respondent determined that the net operating loss carryback from 1969 was fully absorbed in the taxable year 1967; and that, accordingly, nothing remained to be carried forward to 1968. A statutory notice of deficiency was issued to petitioner on March 8, 1972, disallowing the 1968 net operating loss deduction and determining a deficiency in income tax of $5,535.51. 6 Petitioner contends that respondent's determination is incorrect on the basis of Chartier Real Estate Co., 52 T.C. 346 (1969), affirmed per curiam 428 F. 2d 474 (C.A. 1, 1970). The respondent contends, as he must to prevail in this case, that the Chartier Real Estate Co. case was wrongly decided by this Court. Notwithstanding that the respondent has submitted a voluminous brief in support of his position, we must follow our decision in the Chartier Real Estate Co. case. For this reason, Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩